Porter, J.
The plaintiff, in this action, claims $2711 39 cents, which he avers the defendant, a citizen of the state of Mississippi, *461 owes him, for money had and received to his use, as executor of the estate of one Andrew Hare, deceased; and which monies, he states in an account annexed to the petition, to arise from the rent of a certain tract of land in the state aforesaid.
The defendant being a non-resident, his appearance to this suit has been compelled by an attachment levied on certain credits of his, in the hands of garnishees, residents of this city.
To this demand the defendant, in person, has filed an answer, in which he acknowleges that it is true, he did many years ago, lease a certain tract of land near Fort Adams, in the state of which he is a resident, from the plaintiff, who styled himself executor of Andrew Hare. But that, in fact, the petitioner is not executor of that person; that he has never taken out letters testamentary on the estate of the said deceased; that executors have no control over landed property in that country, and that he is advised by his counsel, he is responsible to the heirs of said Hare for the rents and profits.
The answer goes on to allege, that certain persons, namely Thomas Bryant and Philip *462 Hickey, claim the land, and pray that they be made parties. In pursuance of this prayer, Bryant has appeared and filed what is, in substance, a petition of intervention.
An objection was taken to the right of the petitioner to maintain this action as executor. The judge sustained it, and ordered the cause to be dismissed. From this judgment an appeal has been taken, and the correctness of that opinion is the only point now submitted for decision.
The defendant insists, that the plaintiff, if executor in this state, cannot maintain this action; because an authority of that kind, which commenced in the year 1810, must have expired before this time, and if acquired in the state of Mississippi, cannot authorise a suit here.
The view which I have taken of the subject renders it unnecessary to examine these questions separately.
If this was a case in which an executor was applying, to carry into effect the will of his testator, by doing any of those acts which the law requires him to perform in the discharge of his duty; I should certainly hold that he was obliged to produce his authority; *463 and that, if the will was made in another section of the union, that, its execution must be ordered here before it could take effect. But this case presents very different features. The petitioner does not ask the aid of the court to give effect to any powers conferred on him as executor; nor to enable him to preserve the property, defend the rights, or enforce the claims of the testator. He applies to it to compel the performance of a contract made with him in that name, it is true, but entered into after the death of the person he is alleged to represent; a contract by which the testator’s estate was not bound, which did not, bind the heirs, and rendered him, in his private capacity, indebted to the owners of the soil for the rents and profits.
It is clear to me, that the sum of money now demanded, formed no portion of the estate of the testator. At his decease the lands descended to his heirs, and became their property. The profits arising out of them, follow of course, the right to the soil, and the petitioner is responsible to the owners. Being thus responsible in a character distinct from that of executor, I am of opinion he should be allowed to collect the money in *464 the same right in which he became charged with it.
The question then recurs, shall he be barred from maintaining his action, because he styles himself executor? I think not; it is a mere word of description. In a case not in any way dissimilar in principle to the present one, Urquhart vs. Taylor, 5 Martin, 202, where the defendant made his note to the plaintiff’s executors, and suit was brought on it many years after, in the same character; the court held, that as the contract was express, and the promise to them, they might have maintained the action in their own names, and that the defence set up of their authority having expired, could not be sustained.
I deem it unnecessary to say any thing on the rights of the other parties to the case, for as it appears this objection was taken at the threshold of the proceedings, and the merits of the cause not gone into; the court below, when it proceeds to trial, can order that to be done which the law and the justice of the case may demand.
I am therefore of opinion that the judgment of the district court should be reversed, and that the cause be remanded, with directions *465 to the judge to proceed and try this cause, without requiring the plaintiff to produce letters testamentary.
Martin, J.
It seems to me the capacity of an executor was not necessary to the plaintiff, either to acquire the right of demanding from the defendant, monies which he had collected under his authority, nor to the support of that right by an action.
Without being executor, the plaintiff, if he interfered with the land, so far as to rent out the land, and have the rents and profits collected by the interposition of the defendant, became as a negotiorum gestor, accountable to the owner of it for such rents and profits, and must have the consequent right of calling from the defendant’s hands, monies which he is accountable for. So that the right of demanding the money from the defendant is perfectly the same, whether the plaintiff be or be not executor.
When the plaintiff comes into court, whether he be or be not executor, letters testamentary cannot be demanded from him. His calling himself executor is a mere matter of description, for he sues on a contract made *466 by himself, not for a right which once existed in his testator.
The averment, that in the state of Misissippi, executors have no authority or control over the lands of the testator, cannot avail. It is unsupported by proof. Admitting it to be correct, the plaintiff' is liable as a negotiorum gestor, and may call his agent to account.
I wish not to be understood to say, that if the defendant has been warned not to pay the plaintiff, by a person who has a right to the monies in his hands, he has not an equitable right to be protected from the consequence of a payment which he thinks he cannot safely make. Nor that the claimant, if he mistrusted the intention or solvency of the plaintiff, might not voluntarily interfere. And that this interference which, in other states, is made through a court of equity, may not here be resorted to, at once, in the court its which the plaintiff sues.
In the present case, this has been done, and the district court having the whole matter before it, was enabled to do complete justice to all parties.
For the attainment of this, no letters testamentary were needed. If the claimant sup *467 ported his claim, the money might have been directed to be paid to him, and by complying with the decree, the defendant would be completely exonerated from the demand of the claimant and that of the plaintiff.
If the claimant failed, and the plaintiff proved the defendant’s agency, and the actual receipt of the money, it does not appear to me that the production of the letters testamentary could aid the court in forming a judgment, especially if those letters vested the party with no authority over the land.
I agree in the conclusion drawn by judge Porter.
Mathews, J.
I consider it useless in the present case, to enter into any examination of the power and authority of executors over the estates of their testators, as established either by the laws of the state of Mississippi or of this state. The defendant acknowleges himself to have been the agent of the plaintiff and that as such he has received money for the latter. He ought not now he admitted to dispute the legality of the authority under which he acted, unless by shewing, that he is in eminent danger of suffering injury in consequence *468 of his agency, for one who had no right to give power to act, having none himself.
A simple notice from a person claiming the funds in the hands of the plaintiff without having commenced suit against him, ought not to stop proceedings in this action; but as one of the claimants has intervened, I think the case should be remanded for trial on its merits, in relation to the rights of all the parties.
It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that the case be remanded, with directions to the judge to proceed to trial on the merits, without requiring the production of letters testamentary.